## FULLER v. SCHWARTZ.

PRACTICE IN THE SUPREME COURT: TRIAL DE NOVO.

*Appeal from Buchanan Circuit Court.*

MONDAY, JUNE 11.

THIS is an action in equity to set aside a conveyance of real estate from the Schwartzes to Buehler, and to subject it to the satisfaction of a judgment

which plaintiff recovered against Charles Schwartz for selling intoxicating liquors to her husband. The court granted the plaintiff the relief asked. The defendants appeal.

*James Jamison*, for appellants.

*Bruckart & Ney* and *Lake & Harmon*, for appellee.

DAY, CH. J. From the abstract it appears that part of the evidence was introduced by depositions, and part of it was obtained by the examination of witnesses produced upon the trial. It does not appear that this testimony was written down by direction of the court, pursuant to motion of either party to try the cause upon written testimony as provided in section 2742 of the Code. The case is not, therefore, presented in such form as to authorize a trial *de novo*. We can try only the legal errors duly presented. Code, 2741. There is no assignment of errors, hence the record presents no question which we can properly review.

We make this disposition of the case with the greater satisfaction from the fact that a majority of the court, at least, feel well satisfied with the decree of the court below, having no doubt, from the evidence, of the fraudulent character of the conveyance.

AFFIRMED.

ON REHEARING.

ROTHROCK, CH. J. After the foregoing opinion was filed a petition for rehearing was presented, and a reply thereto was ordered. Counsel for appellants insist that all of the evidence was introduced in the form of depositions, and that the cause is therefore triable anew in this court.

The abstract does not show that any motion or order was made to try the issues upon written evidence. It does show that by consent of the parties the court appointed a commissioner to take the testimony in writing and report the same to the court. It is further shown that the commissioner died, and on motion of plaintiff's attorneys another was appointed to take the testimony and report the same to the court. It does not appear that said commissioner took the testimony, unless it may be inferred from the fact that the abstract of the testimony of some of the witnesses purports to be an abstract of depositions which seem to have been numbered.

But such inference cannot apply to quite a number of witnesses whose evidence does not appear from the abstract to have been taken in the form of depositions, or reduced to writing on the trial. The evidence of these witnesses is introduced in the abstract in this form: "A. F. Williams, another witness for plaintiff, says." The same form is followed in others, changing only the name of the witness.

It is, therefore, not difficult to see how this court in the foregoing opinion arrived at the conclusion that part of the evidence was by deposition, and part by examination of witnesses in open court.

AFFIRMED.